IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WEST AMERICAN INSURANCE COMPANY,**

Plaintiff,

v.

**KAMADULSKI EXCAVATING & GRADING COMPANY, INC.,** an Illinois corporation, **ALTON COMMUNITY UNIT SCHOOL DISTRICT NO. 11,** an Illinois municipal corporation, **S.M. WILSON & COMPANY,** a Kansas corporation, **HARRY HAZELTON,** and **RANDALL HOLYFIELD,**

Defendants.                                   No. 05-CV-206-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is a motion for judgment on the pleadings filed by Plaintiff West American Insurance Company ("Plaintiff") pursuant to **Federal Rule of Civil Procedure 12(c)**. (Doc. 30.) Defendants Kamadulski Excavating and Grading Company ("Kamadulski"), Alton Community Unit School District Number Eleven ("Alton School District"), and S.M. Wilson & Company ("Wilson") respond in opposition. (Docs. 37, 42, 35.) For the reasons below, the Court denies Plaintiff's motion.

## II. Background

Plaintiff brings this action seeking a declaratory judgment and reimbursement of its defense costs relating to a separate, state-court action filed by Defendants Hazelton and Holyfield against Kamadulski, Alton School District, and Wilson. The instant action arises as follows: Plaintiff, an insurer, issued a policy to Kamadulski (the "Policy"), providing for commercial general liability insurance. Hazelton and Holyfield then filed suit against Kamadulski, Alton School District, and Wilson in Madison County, Illinois state court alleging that those Defendants, through their servants and agents, destroyed trees belonging to Hazelton and Holyfield while engaging in construction activities on adjacent property. Because the alleged events transpired during the period in which this Policy was effective, Defendants Kamadulski, Alton School District, and Wilson then tendered their defenses to Plaintiff, who accepted them subject to a reservation of rights. Plaintiff now sues, seeking (1) a declaratory judgment establishing that it has no duty to defend Kamadulski, Alton School District, or Wilson under the Policy, and (2) reimbursement of all attorneys' fees spent on behalf of the Defendants in question. (Doc. 1.)

In support of its position, Plaintiff sets forth the following arguments: first, that the property damage alleged in Hazelton and Holyfield's complaint was not caused by an unintentional "occurrence" that would trigger liability under the Policy; second, that any property damage that occurred is subject to one of two exclusions that cause the Policy not to be triggered; and third, that the "additional insured"

provision does not apply to liability caused by either of the additional insureds, Alton School District and Wilson. Defendants Kamadulski, Wilson, and Alton School District disagree. They argue that the clearing of trees was accidental, not intentional, that the relevant exclusions — (j)5 and (j)6 — are inapplicable, and that Wilson and Alton School District are covered by the additional insured clause.[1]

### III. Analysis

#### A. Judgment on the Pleadings Standard

A party may move for judgment on the pleadings under **Federal Rule of Civil Procedure 12(c)** after the parties have filed the complaint and answer. **Fed. R. Civ. P. 12(c)**. A motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the [nonmovant] can prove no facts sufficient to support his [position]." ***Flenner v. Sheahan*, 107 F.3d 459 (7th Cir. 1997)**. When

---

[1] Defendant Alton School District additionally argues that because the insurance policy on file is not supported by an affidavit verifying its authenticity, it is invalid. Because the Court denies Plaintiff's motion on other grounds, it does not reach this argument. It should be noted, however, (1) that no party has alleged that any of the relevant provisions of the copy of the policy on file with the Court are distinct from the corresponding provisions in the actual Policy; (2) that no party has specifically alleged the absence of any part of the Policy necessary to this Court's consideration of the issues presented in Plaintiff's motion; and (3) the case Alton School District has cited in support of its argument, ***Scott v. Edinburg*, 346 F.3d 752, 759-760 (7th Cir. 2003)**, considered evidence submitted for the purposes of a **Federal Rule of Civil Procedure 56** motion for summary judgment, while the relevant motion here is a motion for judgment on the pleadings pursuant to **Federal Rule of Civil Procedure 12( c)**. *See* **Fed. R. Civ. P. 56(e), 12(c), 10(c)**.

considering a motion for judgment on the pleadings, a court must view all allegations in the light most favorable to the nonmoving party, and must further draw all reasonable inferences in favor of that party. ***Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005)**; ***Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000)**. In evaluating a **Rule 12(c)** motion, a court is only allowed to consider the pleadings, which include "the complaint, the answer, and any written instruments attached as exhibits." ***Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)**.

### B.    Duty to Defend Standard

Because this is a diversity case, Illinois law applies. It is this Court's duty to predict what the Illinois Supreme Court would do if presented with an identical issue. ***Taco Bell Corp. v. Continental Cas. Co.* 388 F.3d 1069, 1077 (7th Cir. 2004)**. Illinois law treats the interpretation of an insurance policy as a question of law that the court may resolve summarily. *See* ***Connecticut Indem. Co. v. DER Travel Service, Inc.*, 328 F.3d 347, 349 (7th Cir. 2003)** (citing ***Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993)**). Whether an insurer must defend the insured is a question resolved by comparing the allegations of the underlying complaint to the insurance policy. *Id.* (citing ***Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill. 2d 520, 655 N.E.2d 842, 847 (Ill. 1995)**). If the underlying complaint alleges facts within or potentially within policy coverage, the insurer is obligated to defend its insured,

even if the allegations are groundless, false, or fraudulent. ***United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 578 N.E.2d 926, 930 (Ill. 1991)**. An insurer, however, has no duty to defend where it is "'clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" ***Connecticut Indem. Co.*, 328 F.3d at 349** (quoting ***United States Fidelity & Guaranty Co.*, 578 N.E.2d at 930**). The legal labels used are not dispositive as to whether a duty to defend exists. *Id.* (citing ***Lexmark Int'l, Inc. v. Transportation Ins. Co.*, 327 Ill. App. 3d 128, 761 N.E.2d 1214, 1221 (Ill. App. Ct. 2001)**). Furthermore, if the insurer relies on an exclusionary provision, it must be "clear and free from doubt" that the policy's exclusion prevents coverage. S*ee **Bituminous Cas. Corp. v. Fulkerson, 212 Ill. App. 3d 556, 571 N.E.2d 256, 262 (Ill. App. Ct. 1991)***. The Court must liberally construe the underlying complaint and the insurance policy in favor of the insured. ***See United States Fidelity & Guaranty Co., 578 N.E.2d at 930***.

      C.    **The Policy**

The Policy in question provides general commercial liability coverage. (Doc.1, Ex. A.) The Policy provides coverage for "occurance[s]," which it defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.*). It does not provide any more precise definition of "accident." The Policy also provides several exclusions from coverage, two of which are relevant here: exclusion j(5); and exclusion j(6). Exclusion j(5) states that

coverage does not extend to property damage to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations." (*Id.*)  Exclusion j(6) states that coverage does not extend to property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly formed on it." (*Id.*). Finally, the Policy provides that "[t]he insurance provided the additional insured does not apply to the liability resulting from the sole negligence of the additional insured." (*Id.*)

### D. Plaintiff's Duty to Defend

#### 1. *Accident/Occurrence*

In the insurance context, where the term "accident' is undefined by a policy, Illinois courts have found that the term means an "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned, sudden or unexpected event of an inflictive or unfortunate character." **Atlantic Mut. Ins. Co. v. American Acad. of Orthopaedic Surgeons, 315 Ill. App. 3d 552, 561, 734 N.E.2d 50 (Ill. App. Ct. 2000)** (citation omitted).  The courts have further found that merely because an act is intentional does not mean that all the consequences flowing from that act are intended.  As an Illinois court has summarized, "If an act is performed with the intention of accomplishing a certain result, and if, in the attempt to accomplish that result, another result, unintended, and not the rational

and probable consequence of the intended act, in fact, occurs, such unintended result is deemed to be caused by accidental means." ***Lyons v. State Farm Fire & Cas. Co.*, 349 Ill. App. 3d 404, 408, 811 N.E.2d 718 (Ill. App. Ct. 2004)** (citing ***Yates v. Bankers Life & Cas. Co.*, 415 Ill. 16, 111 N.E.2d 516 (Ill. 1953)**. "The focus of the inquiry in determining whether an occurrence is an accident," that is, "is whether the *injury* is expected or intended by the insured, not whether the *acts* were performed intentionally." ***Id.*** (emphasis in original)*.*

In this case, Plaintiff argues that because Defendants intentionally destroyed Hazelton and Holyfield's trees, the conduct in question was not accidental. ***Lyons***, however, counsels in favor of the opposite conclusion. That decision suggests that even if a party acts intentionally, if the party's conduct causes an unforseen result, the result is accidental. *Lyons*, **349 Ill. App. 3d at 408**. Such is the case here. While Hazelton and Holyfield's trees were willingly destroyed, they were destroyed, under Defendants' argument, only because Defendants did not know that the property on which those trees sat was owned by Hazelton and Holyfield. Though the acts alleged were performed intentionally, in other words, the injury alleged was unintended. This, the Court finds, would render Defendants' conduct accidental. Accordingly, the Policy is triggered.[2]

---

[2] In support of its position that the conduct in question does not trigger the Policy, Plaintiff additionally argues that the underlying complaint alleges that Defendants performed their work in negligent and unworkmanlike fashion. (Doc. 31, p. 7.) While Illinois courts have indeed held that such conduct does not amount to an "occurrence" triggering liability under a commercial general liability

### 2. *Exclusions j(5) and j(6)*

Under Illinois law, the insurer bears the burden of establishing that an exclusion precludes coverage. ***Continental Cas. Co. v. McDowell & Colantoni, Ltd.*, 282 Ill. App. 3d 236, 241, 668 N.E.2d 59 (Ill. App. Ct. 1996)**. In order for an exclusion to provide a basis for a denial of coverage, the exclusion "must be clear and free from doubt." ***Id.*** Exclusions are to be construed liberally in favor of the insured and "most strongly against the insurer." ***Id.***

Defendant argues that two exclusions — j(5) and j(6) — apply in this instance. These two exclusions are business-risk exclusions, in that they apply to a party's less-than-adequate performance under the contract. The exclusions, in other words, reflect the principle that "[commercial general liability] coverage is for tort liability for physical damages to others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." ***Home Indem. Co. v. Wil-Freds, Inc.*, 235 Ill. App. 3d 971, 601 N.E.2d 281 (Ill. App. Ct. 1992)**.

Here, the injured parties — Hazelton and Holyfield — are not the parties for whom Defendants' work was being performed. Rather, they are third parties lacking contractual relationships with the other parties in this case. This fact, the

---

policy, ***Viking Construction Mgmt. v. Liberty Mut. Ins. Co.*, 358 Ill. App. 3d 34, 831 N.E.2d 1 (Ill. App. Ct. 2005)**, the Court is unable to locate such a theory in Hazelton and Holyfield's complaint. Their complaint, rather, alleges property damage as a result of work improperly performed on adjacent property. (*See* Doc. 1, Ex. B.)

Court finds, renders the j(5) and j(6) exclusions irrelevant in this instance. Hazelton and Holyfield do not sue for inadequate or deficient performance; they sue for damage caused to their property by parties with whom they had no contractual relationship.[3] Construing the relevant exclusions liberally in favor of Defendants, the Court therefore finds that Plaintiff has not established that coverage is precluded under the Policy by these exclusions.

### 3. *Additional Insured Coverage*

The parties do not dispute that Alton School District and Wilson — who were not parties to the insurance contract entered into between Plaintiff and Kamadulski — qualify as additional insureds. The question is whether these parties may be entitled to coverage. Looking to the Policy, the relevant additional-insureds language is as follows: "The insurance provided the additional insured does not apply to the liability resulting from the sole negligence of the additional insured." (Doc. 1, Ex. A.) In its memorandum supporting its motion for judgment on the pleadings, Plaintiff, without citing to the Policy, argues that this language implies that coverage is extended to additional insureds only if the underlying complaint alleges liability due to the sole negligence of the *primary insured* (in this case, Kamadulski). (Doc. 31.) This is an incorrect reading of the Policy. Under the Policy's clear language, *additional insureds* — not the primary insured — are the parties who cannot be

---

[3] This distinguishes this case from the decision Plaintiff principally relies on in support of its position, **Pekin Ins. Co. v. Willett, 301 Ill. App. 3d 1034, 704 N.E.2d 923 (Ill. App. Ct. 1998)**. There, the alleged injury was to the party for whom the contracted-for work was being performed. ***Id.***

solely negligent. (Doc. 1, Ex. A.)

Plaintiff, however, changes its argument in its reply, where it agrees that coverage is not extended to additional insureds under the Policy only if the alleged liability is the result of the additional insureds' sole negligence. (Doc. 44.) While this is a correct reading, Plaintiff is still not entitled to a finding that coverage is precluded. This is because the underlying complaint does not allege that the additional insureds were solely negligent; it alleges, instead, that all three Defendants in question — Kamadulski, Wilson, and Alton School District — were jointly responsible for the relevant damage. (*See* Doc. 1, Ex. B.) For this reason, the Court declines to adopt Plaintiff's position.

## IV. Conclusion

Therefore, for the reasons stated above, the Court **DENIES** Plaintiff's motion for judgment on the pleadings. (Doc. 30.)

**IT IS SO ORDERED.**

Signed this 4th day of May, 2006.

/s/         David RHerndon
**United States District Judge**