IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WEST AMERICAN INSURANCE COMPANY,**

**Plaintiff,**

v.

**KAMADULSKI EXCAVATING & GRADING COMPANY, INC.,** an Illinois corporation, **ALTON COMMUNITY UNIT SCHOOL DISTRICT NO. 11,** an Illinois municipal corporation, **S.M. WILSON & COMPANY,** a Kansas corporation, **HARRY HAZELTON,** and **RANDALL HOLYFIELD,**

**Defendants.**                                     **No. 05-CV-206-DRH**

## ORDER

**HERNDON, District Judge:**

Before the Court is a motion submitted by Plaintiff West American Insurance Company ("Plaintiff") to reconsider this Court's ruling denying its motion for judgment on the pleadings (Doc. 30). (Doc. 48.) Plaintiff argues that this Court's May 4, 2006 order was wrongly decided, asserting that this Court (1) "erred in finding [Plaintiff] obligated to defendant against allegations of intentional conduct," and (2) "erred in failing to enforce the exclusions for damage to property caused by [Defendant] Kamadulski's operations or work." (Doc. 49.) Defendants S.M. Wilson and District 11 Alton Community School Unit respond in opposition. (Docs. 50, 51.)

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **Fed. R. Civ. P. 60 advisory committee's notes**, and must be "consonant with equity." ***John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922)**; *see also* 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60App.108[2] (3d ed. 2004). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." ***Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting ***Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)**, *aff'd*, **736 F.2d 388 (7th Cir. 1984)**). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." ***Caisse Nationale de Credit Agricole*, 90 F.3d at 1270**.

Plaintiff's current motion offers little fresh reasoning and presents no new factual issues or evidence. (Doc. 49.) Instead, Plaintiff largely recycles the same arguments it previously made it its motion for judgment on the pleadings. (*See* Doc. 30.) As the Seventh Circuit has noted, reconsideration is "not an appropriate forum" for these arguments. ***Caisse Nationale de Credit Agricole*, 90 F.3d at 1270**. To the extent, moreover, that Plaintiff raises new arguments in support of its position, such arguments are not based on new evidence and could have been made in the original motion for judgment on the pleadings. As such, these also are not

appropriate matters for consideration by this Court. *See **id.** at **1269-70**.*[1]

Accordingly, for the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Signed this 25th day of May, 2006.

/s/         David   RHerndon
**United States District Judge**

---

[1] Regardless, the Court's original reasoning stands. Plaintiff's first argument — that the conduct in question does not qualify as an "occurrence" under the Policy — is foreclosed by the logic of ***Lyons v. State Farm Fire & Cas. Co.*, 349 Ill. App. 3d 404, 811 N.E.2d 718 (Ill. App. Ct. 2004)** (relying on ***Yates v. Bankers Life & Cas. Co.*, 415 Ill. 16, 111 N.E.2d 516 (Ill. 1953)**). Plaintiff second argument — that two of the Policy's business-risk exclusions apply here — is defeated because Kamdulski did not contract or intend to perform work on Defendants Hazelton's and Holyfield's properties, and, based on the pleadings and briefs and construing the relevant exclusions "most strongly against the insurer," it is not "clear and free from doubt" that it was "performing operations" on these properties within the meaning of the exclusion and the agreement between the parties, or that its work was "incorrectly performed" on these properties within the scope of the exclusion and the agreement. ***Continental Cas. Co. v. McDowell & Colantoni, Ltd.*, 282 Ill. App. 3d 236, 241, 668 N.E.2d 59 (Ill. App. Ct. 1996)**.